**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**KALED ABD ELGABAR MOHAMMED
OTHMAN et al.,**

        **Petitioner,**

    **v.**

**GEORGE W. BUSH <u>et</u> <u>al</u>.,**

        **Respondents.**

)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No. 05-2088 (RWR)**

---

**PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS
TO PETITIONERS AT THE UNITED STATES NAVAL BASE
IN GUANTANAMO BAY, CUBA**

To prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or are otherwise in the possession of, the petitioners and/or petitioners' counsel in this case, pursuant to the general supervisory authority of the Court,

IT IS ORDERED:

1.    This case likely involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which requires a security clearance and a "need to know."  This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States

-2-

government personnel and facilities, and other significant government interests.

2.    The purpose of this Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in this case, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with this case, including the privilege team as defined in Exhibit A.

3.    The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the Court sua sponte or upon application by any party. The Court will retain continuing jurisdiction to enforce or modify the terms of this Order.

4.    Nothing in this Order is intended to or does preclude the use of classified information by the government as otherwise authorized by law outside of these actions.

5.    Petitioners' counsel shall be responsible for advising their employees, the petitioners, and others of the contents of this Protective Order, as appropriate or needed.

6.    Petitioners' counsel are bound by the terms and conditions set forth in the "Revised Procedures For Counsel

-3-

Access To Detainees At the U.S. Naval Base In Guantanamo Bay,
Cuba," and the procedures for handling mail and documents brought
into and out of counsel meetings, attached hereto as Exhibit A.
This Protective Order specifically incorporates by reference all
terms and conditions established in the procedures contained in
Exhibit A to the extent they place limitations on petitioners'
counsel in their access to and interaction with petitioners or
handling of information.  Any violation of the terms and
conditions of those procedures will also be deemed a violation of
this Protective Order.

     7.   The privilege team shall not disclose to any person any
information provided by counsel for a petitioner or by a
petitioner, other than information provided in a filing with the
Court, unless such information, if it were monitored information,
could be disclosed under Section X of Exhibit A.  Such disclosure
shall be consistent with the provisions of Section X of
Exhibit A.

<u>Definitions</u>

     8.   As used herein, the words "documents" or "information"
shall include, but are not limited to, all written or printed
matter of any kind, formal or informal, including originals,
conforming copies and non-conforming copies (whether different

-4-

from the original by reason of notation made on such copies or
otherwise), and further include, but are not limited to:

       a.  papers, correspondence, memoranda, notes, letters,
reports, summaries, photographs, maps, charts, graphs,
interoffice and intra-office communications, notations of any
sort concerning conversations, meetings, or other communications,
bulletins, teletypes, telegrams, telefacsimiles, invoices,
worksheets, and drafts, alterations, modifications, changes and
amendments of any kind to the foregoing;

       b.  graphic or oral records or representations of any
kind, including, but not limited to, photographs, charts, graphs,
microfiche, microfilm, videotapes, sound recordings of any kind,
and motion pictures;

       c.  electronic, mechanical or electric records of any
kind, including, but not limited to, tapes, cassettes, disks,
recordings, electronic mail, films, typewriter ribbons, word
processing or other computer tapes or disks, and all manner of
electronic data processing storage; and

       d.  information acquired orally.

    9.  The terms "classified national security information
and/or documents," "classified information" and "classified
documents" refer to:

-5-

a.    any classified document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

b.    any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

c.    verbal or non-documentary classified information known to the petitioner or petitioners' counsel; or

d.    any document and information as to which the petitioner or petitioners' counsel have been notified orally or in writing that such documents or information contains classified information.

-6-

10.  All classified documents, and information contained
therein, shall remain classified unless the documents bear a
clear indication that they have been declassified by the agency
or department that is the original classification authority of
the document or the information contained therein (hereinafter,
the "original classification authority").

11.  The terms "protected information and/or documents,"
"protected information" and "protected documents" refer to any
document or information deemed by the Court, either upon
application by counsel or <u>sua</u> <u>sponte</u>, as worthy of special
treatment as if the document or information were classified, even
if the document or information has not been formally deemed to be
classified.

12.  For purposes of this Protective Order, "petitioners'
counsel" shall be defined to include an attorney who is employed
or retained by or on behalf of a petitioner for purposes of
representing the petitioner in habeas corpus or other litigation
in federal court in the United States, as well as co-counsel,
interpreters, translators, paralegals, investigators and all
other personnel or support staff employed or engaged to assist in
the litigation.

13.  "Access to classified information" or "access to
protected information" shall mean having access to, reviewing,

-7-

reading, learning, or otherwise coming to know in any manner any classified information or protected information.

14.  "Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

15.  "Unauthorized disclosure of classified information" shall mean any knowing, willful or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information to an unauthorized recipient.

16.  "Coordinated cases" shall mean cases brought by Guantanamo Bay detainees in this court that were coordinated by Judge Joyce Hens Green in In re Guantanamo Detainee Cases, Civil Action Nos. 02-0299 (CKK), 02-828 (CKK), 02-1130 (CKK), 04-1135 (ESH), 04-1136 (JDB), 04-1137 (RMC), 04-1144 (RWR), 04-1164 (RBW), 04-1194 (HHK), 04-1227 (RBW), 04-1254 (HHK).

### Designation of Court Security Officer

17.  The Court designates Christine E. Gunning as Court Security Officer for this case, and Joan B. Kendrall, Michael P. Macisso, James P. Londergan, Mary M. Cradlin, Daniel O. Hartenstine, John P. Molinard, Jennifer Campbell, and Barbara J. Russell as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure of any classified documents or

-8-

information, or protected documents or information, to be made available in connection with this case. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

<u>Access to Classified Information and Documents</u>

18. Without authorization from the government, no petitioner or petitioners' counsel shall have access to any classified information involved in this case unless that person shall first have:

a.  made a written submission to the Court Security Officer precisely stating the reasons why counsel has a need to know the classified information requested; and

b.  received the necessary security clearance as determined by the Department of Justice Security Officer; and

c.  signed the Memorandum of Understanding ("MOU"), attached hereto as Exhibit B, agreeing to comply with the terms of this Protective Order.

The written submissions that are made by counsel to the Court Security Officer stating the reasons why counsel has a need to know the classified information requested shall be kept confidential by the Court Security Officer and shall not be

-9-

disclosed to any other counsel or party to this case unless the
Court specifically orders such disclosure.

19. Petitioners' counsel to be provided access to
classified information shall execute the MOU appended to this
Protective Order, and shall file executed originals with the
Court and submit copies to the Court Security Officer and counsel
for the government.  The execution and submission of the MOU is a
condition precedent for petitioners' counsel to have access to,
or continued access to, classified information for the purposes
of this proceeding.

20. The substitution, departure, or removal of petitioners'
counsel from this case for any reason shall not release that
person from the provisions of this Protective Order or the MOU
executed in connection with this Order.

21. The government shall arrange for one appropriately
approved secure area for the use of petitioners' counsel.  The
secure area shall contain a working area that will be supplied
with secure office equipment reasonable and necessary to the
preparation of the petitioners' case.  Expenses for the secure
area and its equipment shall be borne by the government.

22. The Court Security Officer shall establish procedures
to ensure that the secure area is accessible to the petitioners'
counsel during normal business hours and at other times on

-10-

reasonable request as approved by the Court Security Officer. The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

23.  All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure area.

24.  No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

25.  Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

-11-

26. Petitioners' counsel shall not copy or reproduce any
classified information in any form, except with the approval of
the Court Security Officer or in accordance with the procedures
established by the Court Security Officer for the operation of
the secure area.

27. All documents prepared by petitioners or petitioners'
counsel that do or may contain classified information (including
without limitation, notes taken or memoranda prepared by counsel
and pleadings or other documents intended for filing with the
Court) shall be transcribed, recorded, typed, duplicated, copied,
or otherwise prepared only by persons who have received an
appropriate approval for access to classified information.  Such
activities shall take place in the secure area on approved word
processing equipment and in accordance with the procedures
approved by the Court Security Officer.  All such documents and
any associated materials containing classified information (such
as notes, memoranda, drafts, copies, typewriter ribbons, magnetic
recordings, exhibits) shall be maintained in the secure area
unless and until the Court Security Officer advises that those
documents or associated materials are unclassified in their
entirety.  None of these materials shall be disclosed to counsel
for the government unless authorized by the Court, by

-12-

petitioners' counsel or as otherwise provided in this Protective
Order.

28.  Petitioners' counsel shall discuss classified
information only within the secure area or in another area
authorized by the Court Security Officer, shall not discuss
classified information over any standard commercial telephone
instrument or office intercommunication system, and shall not
transmit or discuss classified information in electronic mail
communications of any kind.

29.  The Court Security Officer or Court Security Officer
designee shall not reveal to any person the content of any
conversations she or he may hear by or among petitioners'
counsel, nor reveal the nature of documents being reviewed by
them, or the work generated by them, except as necessary to
report violations of this Protective Order to the Court or to
carry out their duties pursuant to this Order.  In addition, the
presence of the Court Security Officer or Court Security Officer
designee shall not operate as a waiver of, limit, or otherwise
render inapplicable, the attorney-client privilege or work
product protections.

30.  Petitioners' counsel shall not disclose the contents of
any classified documents or information to any person, including
counsel in related cases brought by Guantanamo Bay detainees in

-13-

this or other courts, except those authorized pursuant to this
Protective Order or the Protective Order in the coordinated
cases, the Court, and counsel for the government with the
appropriate clearances and the need to know that information.
Except as otherwise specifically provided by Judge Colleen
Kollar-Kotelly in her well-reasoned opinion addressing counsel
access procedures regarding petitioners Mohammed Ahmed al
Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah
Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK),
counsel for petitioners in this case are presumed to have a "need
to know" information both in their own cases and in related cases
pending before this Court.  Therefore, and except as provided
with respect to the three petitioners in Al Odah mentioned above,
counsel for all petitioners in this case and the coordinated
cases who have satisfied all necessary prerequisites and follow
all procedures set forth herein may share and discuss among
themselves classified information to the extent necessary for the
effective representation of their clients.  Counsel for
respondents may challenge the "need to know" presumption on a
case-by-case basis for good cause shown.

    31.  Petitioners' counsel shall not disclose classified
information not provided by petitioner-detainee to that
petitioner-detainee.  Should petitioners' counsel desire to

-14-

disclose classified information not provided by petitioner-
detainee to that petitioner-detainee, petitioners' counsel will
provide in writing to the privilege review team (See Exhibit A) a
request for release clearly stating the classified information
they seek to release.  The privilege review team will forward the
petitioner counsel's request to the appropriate government agency
authorized to declassify the classified information for a
determination.  The privilege review team will inform
petitioners' counsel of the determination once it is made.

32.  No petitioner or counsel for petitioner shall disclose
or cause to be disclosed any information known or believed to be
classified in connection with any hearing or proceeding in this
case except as otherwise provided herein.

33.  Except as otherwise stated in this paragraph and to
ensure the security of the United States of America, at no time,
including any period subsequent to the conclusion of the
proceedings, shall petitioners' counsel make any public or
private statements disclosing any classified information or
documents accessed pursuant to this Protective Order, including
the fact that any such information or documents are classified.
In the event that classified information enters the public
domain, however, counsel are not precluded from making private or
public statements about the information already in the public

-15-

domain, but only to the extent that the information is in fact in the public domain.  Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain.  In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that counsel shall not be the source of any classified or protected information entering the public domain.

As stated in more detail in paragraph 53 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

34.  The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know to be classified information or a classified document, or derived from classified information or a classified document.

35.  All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and served on counsel for the government), shall remain at all times in the control of the Court Security Officer for the duration of

-16-

this case.  Upon final resolution of this case, including all
appeals, all such documents shall be destroyed by the Court
Security Officer.

### Designation Procedures for Protected Information

36.  Should counsel for respondents in this case wish to
have the court deem any information "protected," counsel for
respondents shall disclose the information to qualified counsel
for petitioners and attempt to reach an agreement regarding the
designation of information prior to filing a motion with the
Court.  "Qualified counsel" for petitioners means those counsel
who have satisfied the necessary prerequisites set forth in this
Order for the viewing of protected information.  Counsel for
petitioners shall treat such disclosed information as "protected"
unless and until the Court rules that the information should not
be designated as "protected."  Counsel for petitioners shall make
their best efforts to designate one attorney as a representative
to review the information on their behalf and to negotiate with
counsel for respondents prior to the filing of any motions to
deem information "protected."

### Access to Protected Information and Documents

37.  Without authorization from the government or the Court,
protected information shall not be disclosed or distributed to
any person or entity other than the following:

-17-

a.   petitioners' counsel, provided such individuals have signed the Acknowledgment, attached hereto as Exhibit C, attesting to the fact that they have read this Protective Order and agree to be bound by its terms; and

b.   the Court and its support personnel.

38.  The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this proceeding.  A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty (30) days after the termination of this action, including appeals.

39.  The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.

40.  Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order or the Protective Order in the coordinated cases, the Court, or counsel for the government.  Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly with respect to counsel for petitioners Mohammed Ahmed al

-18-

Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in <u>Al Odah v. United States</u>, 02-CV-0828 (CKK), counsel for petitioners in this case and the coordinated cases may share protected information with each other but only to the extent that counsel have appropriate security clearances and that all other procedures set forth in this Protective Order are complied with.  Petitioners' counsel shall maintain all protected information and documents received through this proceeding in a confidential manner.

41.  Petitioners' counsel shall not disclose protected information not provided by petitioner-detainee to that petitioner-detainee without prior concurrence of counsel for the government or express permission of the Court.

42.  No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case or the coordinated cases except as otherwise provided herein.

43.  At no time, including any period subsequent to the conclusion of the proceedings, will petitioners' counsel make any public or private statements disclosing any protected information or documents accessed pursuant to this Protective Order,

-19-

including the fact that any such information or documents are
protected.

44.  Protected information shall be used only for purposes
directly related to this case or the coordinated cases and not
for any other litigation or proceeding, except by leave of the
Court.  Photocopies of documents containing such information
shall be made only to the extent necessary to facilitate the
permitted use hereunder.

45.  Nothing in this Protective Order shall prevent the
government from using for any purpose protected information it
provides a party.  Nothing in this Protective Order shall entitle
another party to protected information.

46.  Supplying protected information to another party does
not waive privilege with respect to any person or use outside
that permitted by this Protective Order.

47.  Within sixty (60) days of the resolution of this
action, and the termination of any appeals therefrom, all
protected documents or information, and any copies thereof, shall
be promptly destroyed, provided that the party to whom protected
information is disclosed certifies in writing that all designated
documents and materials have been destroyed, and further provided
that counsel for the government may retain one complete set of
any such materials that were presented in any form to the Court.

-20-

Any such retained materials shall be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order."  In any subsequent or collateral proceeding, a party may seek discovery of such materials from the government, without prejudice to the government's right to oppose such discovery or its ability to dispose of the materials pursuant to its general document retention policies.

<u>Procedures for Filing Documents</u>

48.  All documents filed by a petitioner shall be filed under seal with the court through the Court Security Officer for determination by the appropriate agency as to whether the documents contain classified or protected information.  At the time of making a submission to the CSO, the attorney shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified or protected information. Attached to the Notice of Filing in the CM/ECF system shall be a one page submission repeating in general terms the nature of the filing without disclosing any potentially classified or protected information and disclosing the date and time the document was delivered to the CSO for her review.

-21-

49.  In the event that the CSO informs counsel for a petitioner that a proposed filing does not contain any classified or protected information, counsel shall then promptly file the full submission in the CM/ECF system and counsel shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review. The docket entry description shall also state that the CSO has approved of the public filing of the document.  The underlying document filed in the CM/ECF system shall contain a notation in the upper right hand corner of the first page stating, "PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING."

50.  In the event that the CSO informs counsel for a petitioner that a proposed filing does in fact contain some or all classified or protected information, counsel shall then promptly file in the CM/ECF system a version of the document suitable for public viewing.  Unless an entire document is deemed classified or protected, a "version of the document suitable for public viewing" shall mean a document in which the portions of the document containing classified or protected information are redacted.  Such a document shall contain a notification in the upper right hand corner of the first page stating "REDACTED VERSION FOR PUBLIC FILING CLEARED BY CSO."  In the event an entire document is deemed classified or protected, a "version of

-22-

the document suitable for public viewing" shall mean one page

"half sheet" containing the caption of the case, a version of the

title of the document that does not disclose classified or

protected information, and a brief statement that the CSO has

informed counsel that the entire document is classified or

protected.  The docket entry description in the CM/ECF system for

the document suitable for public viewing shall make specific

reference to the earlier docket entry notifying the Court that

the document had been submitted to the CSO for review.

51.  Any pleading or other document filed by counsel for the

respondents containing classified or protected information shall

be filed under seal with the Court through the CSO.  In addition,

counsel for respondents shall file in the CM/ECF system a version

of the document suitable for public viewing as that phrase is

defined in the preceding paragraph.

52.  Nothing herein shall require the government to disclose

classified or protected information.  Nor shall anything herein

prohibit the government from submitting classified information or

protected information to the Court in camera or ex parte in these

proceedings, or entitle petitioners or petitioners' counsel

access to such submissions or information.  Except for good cause

shown in the filing, the government shall provide counsel for the

-23-

petitioner or petitioners with notice served on such counsel on
the date of the filing.

<u>Penalties for Unauthorized Disclosure</u>

53.   Any unauthorized disclosure of classified information
may constitute violations of United States criminal laws.   In
addition, any violation of the terms of this Protective Order
shall be immediately brought to the attention of the Court and
may result in a charge of contempt of Court and possible referral
for criminal prosecution.   <u>See</u> <u>e.g.</u>, Executive Order 12958, as
amended.   Any breach of this Protective Order may also result in
the termination of access to classified information and protected
information.   Persons subject to this Protective Order are
advised that direct or indirect unauthorized disclosure,
retention, or negligent handling of classified documents or
information could cause damage to the national security of the
United States or may be used to the advantage of an adversary of
the United States or against the interests of the United States.
Persons subject to this Protective Order are also advised that
direct or indirect unauthorized disclosure, retention, or
negligent handling of protected documents or information could
risk the security of United States government personnel and
facilities, and other significant government interests.   This
Protective Order is to ensure that those authorized to receive

-24-

classified information and protected information will not divulge

this information to anyone who is not authorized to receive it,

without prior written authorization from the original

classification authority and in conformity with this Protective

Order.

54.  The termination of these proceedings shall not relieve

any person or party provided classified information or protected

information of his, her, or its obligations under this Protective

Order.

IT IS SO ORDERED.

December 1, 2005

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge

Exhibit A

-1-                              EXHIBIT A


**REVISED PROCEDURES FOR COUNSEL ACCESS TO DETAINEES
AT THE U.S. NAVAL BASE IN GUANTANAMO BAY, CUBA**


**I.  Applicability**

    Except as otherwise stated herein or by other Order issued
in the United States District Court for the District of Columbia,
the following procedures shall govern counsel access to all
detainees in the control of the Department of Defense ("DoD") at
the U.S. Naval Base in Guantanamo Bay, Cuba ("GTMO") by counsel
for purposes of litigating the cases in which this Order is
issued.

    These procedures do not apply to counsel who are retained
solely to assist in the defense of a detainee in a trial by
military commission.  Access by that counsel is covered by the
Procedures for Monitoring Communications Between Detainees
Subject to Trial by Military Commission and their Defense Counsel
Pursuant to Military Commission Order No. 3.

**II.  Definitions**

A.  <u>Communications</u>:  All forms of communication between counsel
and a detainee, including oral, written, electronic, or by any
other means.

B.  <u>Counsel</u>:  An attorney who is employed or retained by or on
behalf of a detainee for purposes of representing the detainee in
the United States District Court for the District of Columbia and
who is admitted, either generally or pro hac vice, in this Court.
Unless otherwise stated, "counsel" also includes co-counsel,
interpreters, translators, paralegals, investigators and all
other personnel or support staff employed or engaged to assist in
the litigation.

C.  <u>Detainee</u>:  An individual detained by DoD as an alleged enemy
combatant at the U.S. Naval Base in Guantanamo Bay, Cuba.

-2-                         EXHIBIT A

D.  <u>Privilege Team</u>:  A team comprised of one or more DoD
attorneys and one or more intelligence or law enforcement
personnel who have not taken part in, and, in the future, will
not take part in, any domestic or foreign court, military
commission or combatant status tribunal proceedings involving the
detainee.  If required, the privilege team may include
interpreters/translators, provided that such personnel meet these
same criteria.

E.  <u>Legal Mail</u>:  Letters written between counsel and a detainee
that are related to the counsel's representation of the detainee,
as well as privileged documents and publicly-filed legal
documents relating to that representation.

**III.  Requirements for Access to and Communication with Detainees**

A.  <u>Security Clearance</u>:

    1.  Counsel must hold a valid current United States
        security clearance at the Secret level or higher, or
        its equivalent (as determined by appropriate DoD
        intelligence personnel).

    2.  Counsel who possess a valid security clearance shall
        provide, in writing, the date of their background
        investigation, the date such clearance was granted, the
        level of the clearance, and the agency who granted the
        clearance.  Access will be granted only after DoD
        verification of the security clearance.

    3.  Counsel who does not currently possess a Secret
        clearance will be required to submit to an application
        for clearance to the Department of Justice, Litigation
        Security Division.

B.  <u>Acknowledgment of and Compliance with Access Procedures</u>

    1.  Before being granted access to the detainee, counsel
        will receive a copy of these procedures.  To have
        access to the detainee, counsel must agree to comply
        fully with these procedures and must sign an
        affirmation acknowledging his/her agreement to comply
        with them.

    2.  This affirmation will not be considered an
        acknowledgment by counsel that the procedures are

-3-                        EXHIBIT A

legally permissible.  Even if counsel elects to
challenge these procedures, counsel may not knowingly
disobey an obligation imposed by these procedures.

3.    The DoD expects that counsel, counsel's staff, and
      anyone acting on the behalf of the attorney will fully
      abide by the requirements of this document.  Counsel is
      required to provide the DoD with signed affirmations
      from interpreters, translators, paralegals,
      investigators and all other personnel or support staff
      employed or engaged to assist in the litigation, upon
      utilization of those individuals by counsel in a manner
      that implicates these procedures.

4.    Should counsel fail to comply with the procedures set
      forth in this document, access to or communication with
      the detainee will not be permitted.


C.  <u>Verification of Representation</u>

1.    Prior to being permitted access to the detainee,
      counsel must provide DoD with a *Notification of
      Representation*.  This Notification must include the
      counsel's licensing information, business and email
      addresses and phone number, as well as the name of the
      detainee being represented by the counsel.
      Additionally, counsel shall provide evidence of his or
      her authority to represent the detainee.

2.    Counsel shall provide evidence of his or her authority
      to represent the detainee as soon as practicable and in
      any event no later than ten (10) days after the
      conclusion of a second visit with the detainee.  The
      Court recognizes that counsel may not be in a position
      to present such evidence after the initial meeting with
      a detainee.  Counsel for detainees and counsel for
      respondents shall cooperate to the fullest extent
      possible to reach a reasonable agreement on the number
      of counsel visits allowed.  Should counsel for a
      detainee believe that the government is unreasonably
      limiting the number of visits with a detainee, counsel
      may petition the Court at the appropriate time for
      relief.

-4-                          EXHIBIT A

3.    If the counsel withdraws from representation of the
      detainee or if the representation is otherwise
      terminated, counsel is required to inform DoD
      immediately of that change in circumstances.

4.    Counsel must provide DoD with a signed representation
      stating that to the best of counsel's knowledge after
      reasonable inquiry, the source of funds to pay counsel
      any fees or reimbursement of expenses are not funded
      directly or indirectly by persons or entities the
      counsel believes are connected to terrorism or the
      product of terrorist activities, including "Specially
      Designated Global Terrorists," identified pursuant to
      Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23,
      2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079
      (Jan. 23, 1995), and (b) counsel has complied with ABA
      Model Rule 1.8(f).

D.   Logistics of Counsel Visits

1.    Counsel shall submit to the Department of Justice (DoJ)
      any request to meet with a detainee.  This request
      shall specify date(s) of availability for the meeting,
      the desired duration of the meeting and the language
      that will be utilized during the meeting with the
      detainee.  Reasonable efforts will be made to
      accommodate the counsel's request regarding the
      scheduling of a meeting.  Once the request has been
      approved, DoJ will contact counsel with the date and
      duration of the meeting.

2.    Legal visits shall take place in a room designated by
      JTF-Guantanamo.  No more than two attorneys (or one
      attorney and one assistant) plus one
      interpreter/translator shall visit with a detainee at
      one time, unless approved in advance by the Commander,
      JTF-Guantanamo.  Such approval shall not be
      unreasonably withheld.

3.    Due to the mission and location of the US Naval Base at
      Guantanamo Bay, Cuba, certain logistical details will
      need to be coordinated by counsel prior to arrival.
      This includes arrangements for travel and lodging.
      Specific information regarding these issues will be
      provided by DoJ.

-5-                        EXHIBIT A

4.    In order to travel to GTMO, all counsel must have a
      country and theater clearance for that specific visit.
      In order to begin processing country and theater
      clearances, counsel must have confirmed flight
      information for travel to GTMO and a valid current
      United States security clearance at the Secret level or
      higher, or its equivalent (as determined by appropriate
      DoD intelligence personnel).  Country and theater
      clearances require twenty (20) days to process.
      Accordingly, counsel shall provide DoD, through DoJ,
      with the required information no later than 20 days
      prior to the GTMO visit date, or as soon as a visit is
      scheduled.  Requests for visits made inside of 20 days
      will not normally be granted.

## IV.  Procedures for Correspondence Between Counsel and Detainee

A.  Mail Sent by Counsel to Detainee ("Incoming Mail")

1.    Counsel shall send incoming legal mail for a detainee
      to the privilege team at the appropriate address
      provided by government counsel.  Each envelope or
      mailer shall be labeled with the name of the detainee
      and shall include a return address for counsel sending
      the materials.  The outside of the envelope or mailer
      for incoming legal mail shall be labeled clearly with
      the following annotation:  "Attorney-Detainee
      Materials-For Mail Delivery to Detainee."

2.    Each page of legal mail shall be labeled "Attorney-
      Detainee Materials." No staples, paper clips or any
      non-paper items shall be included with the documents.

3.    Upon receiving legal mail from counsel for delivery to
      the detainee, the privilege team shall open the
      envelope or mailer to search the contents for
      prohibited physical contraband.  Within two (2)
      business days of receipt of legal mail, and assuming no
      physical contraband is present, the privilege team
      shall forward the mail to military personnel at GTMO in
      a sealed envelope marked "Legal Mail Approved by
      Privilege Team" and clearly indicating the identity of
      the detainee to which the legal mail is to be
      delivered.  The privilege team shall return to the
      sender any incoming mail that does not comply with the
      terms of paragraphs IV.A.1., 2.

-6-                          EXHIBIT A

4.    Within two (2) business days of receipt of legal mail
      from the privilege team, personnel at GTMO shall
      deliver the envelope or mailer marked by the privilege
      team as "Legal Mail Approved by the Privilege Team" to
      the detainee without opening the envelope or mailer.
      If counsel desires confirmation that the documents were
      delivered to the detainee, counsel is responsible for
      providing a stamped, self-addressed envelope for that
      purpose.  The detainee shall be responsible for mailing
      any confirmation of delivery to counsel as outgoing
      legal mail.  This method shall be the sole and
      exclusive means by which confirmation of delivery is
      provided to counsel.

5.    Written correspondence to a detainee not falling within
      the definition of legal mail shall be sent through the
      United States Postal Service to the appropriate address
      provided by government counsel.  Non-legal mail
      includes, but is not limited to, letters from persons
      other than counsel, including family and friends of the
      detainee.  These non-privileged communications will be
      reviewed by military personnel at GTMO under the
      standard operating procedures for detainee non-legal
      mail.

6.    Counsel is required to treat all information learned
      from a detainee, including any oral and written
      communications with a detainee, as classified
      information, unless and until the information is
      submitted to the privilege team and determined to be
      otherwise by the privilege team or by this Court or
      another court.  Accordingly, if a counsel's
      correspondence contains any summary or recitation of or
      reference to a communication with a detainee that has
      not been previously determined to be unclassified, the
      correspondence shall be prepared, marked, transported
      and handled as classified material as required by
      Executive Order 12958, DOD Regulation 5200.1-R and AI
      26, OSD Information and Security Supplement to DOD
      Regulation 5200.1R.

7.    Written and oral communications with a detainee,
      including all incoming legal mail, shall not include
      information relating to any ongoing or completed
      military, intelligence, security, or law enforcement
      operations, investigations, or arrests, or the results

of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

B.  Mail Sent by Detainee to Counsel ("Outgoing Mail")

1.  Detainees will be provided with paper to prepare communications to counsel.  In the presence of military personnel, the detainee will seal the written communication into an envelope and it will be annotated as "Attorney-Detainee Materials-For Mail Delivery To Counsel."  Each envelope shall be labeled with the name of the detainee and the counsel.  Envelopes annotated with the name of persons other the detainee's counsel (including family/friends or other attorneys) shall be processed according to the standard operating procedures for detainee non-legal mail.

2.  Military personnel will collect the outgoing legal mail within one (1) business day of being notified by the detainee that the communication is prepared for sealing and mailing.

3.  After the outgoing legal mail is collected from the detainee, the envelope will be sealed into a larger envelope by military personnel at Guantanamo which will be marked as "Attorney-Detainee Materials-For Mail Delivery To Counsel" and will be annotated with the name of the detainee and the counsel.  The envelope will be sealed and mailed in the manner required for classified materials.  Within two (2) business days of receipt from the detainee, the communication will be mailed to the appropriate address as provided by government counsel.

4.  Detainees also are permitted to send non-legal mail, including written communications to persons other than counsel, through the United States Postal Service. These communications shall be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

-8-                              EXHIBIT A

5.    In the event any non-legal correspondence or messages
      from a detainee to individuals other than his counsel
      (including family/friends or other attorneys) are sent
      to counsel as, or included with, legal mail, counsel
      shall return the documents to military personnel at
      GTMO for processing according to the standard operating
      procedures for detainee non-legal mail.

**V.   Materials Brought Into A Meeting With Detainee And Counsel**

A.    Counsel shall bring only legal mail, writing utensils
      and paper into any meeting with a detainee unless
      counsel has received prior approval from the Commander,
      JTF-GTMO.  The Commander shall not unreasonably
      withhold approval for counsel to bring into a meeting
      with a detainee letters, tapes, or other communications
      introducing counsel to the detainee, if the government
      has first reviewed the communication and determined
      that sharing the communication with the detainee would
      not threaten the security of the United States.

B.    Written and oral communications with a detainee,
      including all documents brought into a meeting with a
      detainee, shall not include information relating to any
      ongoing or completed military, intelligence, security,
      or law enforcement operations, investigations, or
      arrests, or the results of such activities, by any
      nation or agency or current political events in any
      country that are not directly related to counsel's
      representation of that detainee; or security procedures
      at GTMO (including names of U.S. Government personnel
      and the layout of camp facilities) or the status of
      other detainees, not directly related to counsel's
      representation.

**VI.  Materials Brought Out Of A Meeting With Detainee and Counsel**

A.    Upon the completion of each meeting with a detainee or
      during any break in a meeting session, counsel will
      give the notes or documents used or produced during the
      meeting to a designated individual at Guantanamo.
      These materials will be sealed in the presence of
      counsel and will be handled as classified material as
      required by Executive Order 12958, DOD Regulation
      5200.1-R and AI 26, OSD Information Security Supplement
      to DOD Regulation 5200.1R.

-9-                          EXHIBIT A

B.   Upon the completion of the counsel's visit to
     Guantanamo, the notes or documents used or produced
     during the visit shall be sealed in the presence of
     counsel and placed in an envelope labeled as "Attorney-
     Detainee Meeting Documents-For Delivery to Counsel."
     The envelope shall be sealed into a larger envelope by
     military personnel at Guantanamo which shall be marked
     as "Attorney-Detainee Meeting Documents-For Mail
     Delivery To Counsel" and shall be annotated with the
     name of the detainee and the counsel.  The envelope
     shall be sealed and mailed in the manner required for
     classified materials.  Within two (2) business days
     following the completion of the counsel's visit to
     Guantanamo, the package shall be mailed to the
     appropriate address provided by government counsel.

C.   Correspondence or messages from a detainee to
     individuals other than his counsel (including
     family/friends or other attorneys) shall not be handled
     through this process.  If a detainee provides these
     communications to his counsel during a visit, counsel
     shall give those communications to military personnel
     at Guantanamo so they can be processed under the
     standard operating procedures for detainee non-legal
     mail.

VII.  **Classification Determination of Detainee Communications**

A.   Counsel may submit information learned from a detainee
     to the privilege team for a determination of its
     appropriate security classification.  Counsel shall
     memorialize the information submitted for
     classification review into a written memorandum
     outlining as specifically as possible the information
     for which counsel requests a classification
     determination.  All documents submitted for
     classification review shall be prepared, handled and
     treated in the manner required for classified
     materials, as provided by as required by Executive
     Order 12958, DOD Regulation 5200.1-R and AI 26, OSD
     Information Security Supplement to DOD Regulation
     5200.1R.  No information derived from these submissions
     shall be disclosed outside the privilege team pursuant
     to these procedures until after the privilege team has
     reviewed it for security and intelligence purposes.
     Absent express consent given by the Court, or except as

                    -10-                    EXHIBIT A

        otherwise provided in this document, the submissions
        shall not be disclosed to any person involved in the
        interrogation of a detainee, and no such individual may
        make any use of those communications whatsoever, nor
        shall the submissions be disclosed to any Government
        personnel involved in any domestic or foreign court,
        military commission or combatant status tribunal
        proceedings involving the detainee.

   B.   Counsel shall send all materials submitted for
        classification review to the appropriate address to be
        provided by government counsel.  The outside of the
        envelope or mailer shall be clearly labeled
        "Attorney-Detainee Meeting Documents-For Classification
        Review By Privilege Team."  Each envelope or mailer
        shall be annotated with the name of the detainee and
        the counsel.  Each page of the document submitted for
        classification review shall be marked "Attorney-
        Detainee Materials" and "Classified."  The envelope or
        mailer will be sealed and mailed in the manner required
        for classified materials.

   C.   As soon as possible after conducting the classification
        review, the privilege team shall advise counsel of the
        classification levels of the information contained in
        the materials submitted for review.  The privilege team
        shall forward its classification determination directly
        to counsel after a review and analysis period not to
        exceed, from the time of receipt by the privilege team:

        1. Seven (7) business days for information that is
        written in the English language;

        2. Fourteen (14) business days for any information that
        includes writing in any language other than English, to
        allow for translations by the privilege team;

        3. Twenty (20) business days for any information where
        the privilege team has reason to believe that a code
        was used, to allow for further analysis.

   D.   While conducting classification review, the privilege
        team shall promptly report any information that
        reasonably could be expected to result in immediate and
        substantial harm to the national security to the
        Commander, JTF-Guantanamo.  In his discretion, the

-11-                              EXHIBIT A

Commander, JTF-Guantanamo may disseminate the relevant
portions of the information to law enforcement,
military and intelligence officials as appropriate.

E.    If, at any time, the privilege team determines that
      information in the documents submitted for
      classification review relate to imminent acts of
      violence, the privilege team shall report the contents
      of those documents to Commander, JTF-Guantanamo.  In
      his discretion, the Commander, JTF-Guantanamo may
      disseminate the relevant portions of the information to
      law enforcement, military and intelligence officials.

F.    The privilege team shall not disclose any information
      submitted by counsel for classification review outside
      the privilege team, except as provided by these
      procedures or as permitted by counsel submitting the
      information.

## VIII.  Telephonic Access to Detainee

A.    Requests for telephonic access to the detainee by
      counsel or other persons will not normally be approved.
      Such requests may be considered on a case-by-case basis
      due to special circumstances and must be submitted to
      Commander, JTF-Guantanamo.

B.    Any telephonic access by counsel will be subject to
      appropriate security procedures, but shall not include
      contemporaneous monitoring or recording.

C.    Any telephonic access by persons other than counsel
      will be subject to appropriate security procedures,
      including contemporaneous monitoring and recording.

## IX.  Counsel's Handling And Dissemination Of Information From Detainee

A.    Subject to the terms of any applicable protective
      order, counsel may disseminate the unclassified
      contents of the detainee's communications for purposes
      reasonably related to their representation of that
      detainee.

-12-                          EXHIBIT A

B.    Counsel is required to treat all information learned
      from a detainee, including any oral and written
      communications with a detainee, as classified
      information, unless and until the information is
      submitted to the privilege team and determined to be
      otherwise.  All classified material must be handled,
      transported and stored in a secure manner, as provided
      by Executive Order 12958, DOD Regulation 5200.1-R and
      AI 26, OSD Information Security Supplement to DOD
      Regulation 5200.1R.

C.    Counsel shall disclose to DoJ or Commander, JTF-
      Guantanamo any information learned from a detainee
      involving future events that threaten national security
      or involve imminent violence.

D.    Counsel may not divulge classified information not
      learned from the detainee to the detainee.  Counsel may
      not otherwise divulge classified information related to
      a detainee's case to anyone except those with the
      requisite security clearance and need to know using a
      secure means of communication.  Counsel for detainees
      in the coordinated cases pending in the United States
      District Court for the District of Columbia are
      presumed to have a "need to know" information in
      related cases pending before this Court.  Counsel for
      respondents in those cases may challenge this
      presumption on a case-by-case basis for good cause
      shown.

X.  **JTF-Guantanamo Security Procedures**

A.    Counsel and translators/interpreters shall comply with
      the following security procedures and force protection
      safeguards applicable to the US Naval Base in
      Guantanamo Bay, Cuba, JTF-Guantanamo and the personnel
      assigned to or visiting these locations, as well as any
      supplemental procedures implemented by JTF-Guantanamo
      personnel.

B.    Contraband is not permitted in JTF-Guantanamo and all
      visitors are subject to search upon arrival and
      departure.  Examples of contraband include, but are not
      limited to, weapons, chemicals, drugs, and materials
      that may be used in an escape attempt.  Contraband also
      includes money, stamps, cigarettes, writing

-13-                          EXHIBIT A

instruments, etc.  No items of any kind may be provided
to the detainee without the advance approval of the
Commander, JTF-Guantanamo.

C.    Photography or recording of any type is prohibited
      without the prior approval of the Commander, JTF-
      Guantanamo.  No electronic communication devices are
      permitted.  All recording devices, cameras, pagers,
      cellular phones, PDAs, laptops, portable electronic
      devices and related equipment are prohibited in or near
      JTF-Guantanamo.  Should any of these devices be
      inadvertently taken into a prohibited area, the device
      must be surrendered to JTF-Guantanamo staff and purged
      of all information.

D.    Upon arrival at JTF-Guantanamo, security personnel will
      perform a contraband inspection of counsel and
      translators/interpreters using metal detectors as well
      as a physical inspection of counsel's bags and
      briefcases and, if determined necessary, a physical
      inspection of his/her person.

E.    Counsel shall not be permitted to interview or question
      members of the Joint Task Force about their duties or
      interactions with detainees without first obtaining
      permission from the Commander, Joint Task Force
      Guantanamo.  Should permission be unreasonably denied,
      counsel may seek an Order from this Court granting
      permission for good cause shown.

F.    Counsel will meet with a detainee in conference
      facilities provided by GTMO.  These facilities are
      subject to visual monitoring by closed circuit TV for
      safety and security reasons.  (The only other method of
      visual observation available is for the door to remain
      open with military police sitting outside the door.).
      No oral communications between counsel and detainee
      will be heard.

G.    At the conclusion of a meeting with a detainee, counsel
      and translators/interpreters will again be inspected
      using a metal detector and, if deemed necessary, by
      physical inspection of their persons.

Exhibit B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
_____, et al.      )
                              )
        Petitioners,          )
                              )
    v.                        )  Civil Action No.
                              )
GEORGE W. BUSH,               )
    President of the United   )
    States, et al.,           )
                              )
        Respondents.          )
```

## MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 <u>et seq.</u>; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government.  In consideration for the disclosure of classified information and documents:

(1)  I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified

EXHIBIT B

documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered in the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____.

(2)  I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____, and I agree to comply with the provisions thereof.


_____          _____
                                            Date


_____          _____
                                            Date


-2-

Exhibit C

EXHIBIT C

### <u>ACKNOWLEDGMENT</u>

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order. The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

DATED: _____    BY: _____
                             (type or print name)

                        SIGNED: _____