## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| )<br>**Khaled Abd Elgabar Mohammed Othman,** *et al.,* )<br>   )<br>   *Petitioners,*    )<br>   )<br>   **v.**    )<br>   )<br>**GEORGE W. BUSH, et al.,**    )<br>   )<br>   *Respondents.*    )<br>  _____ ) | **Civil Action No. 05- 02088(RR)** |

### MEMORANDUM IN OPPOSITION TO RESPONDENTS' RESPONSE
### TO PETITIONER'S SUPPLEMENTAL MEMORANDUM TO HABEAS PETITION

Petitioners Khaled Abd Elgabar Mohammed Othman ("Othman") and Abd Al Malik Abd

Al Wahab ("Al Wahab"), through undersigned counsel, submit this Memorandum in Opposition

to Respondents' Response to Petitioners' Supplemental Memorandum to Habeas Petition.

Petitioners Othman and Al Wahab are Yemeni nationals who are being detained, upon

information and belief, as "enemy combatants" at the Guantánamo Bay Naval Base in Cuba.  On

October 25, 2005, undersigned counsel filed a habeas petition in which Al Wahab requested

recognition as Othman's Next Friend for standing purposes under the federal habeas statute, 28

U.S.C. § 2242.  This Court ordered Petitioners to supplement the request for Next Friend status,

and on November 30, 2005, Petitioners submitted a supplemental memorandum, which included

a letter signed by Al Wahab and his counsel, Marc Falkoff, indicating that Al Wahab knows

Othman well on a personal level, and that Othman wishes Al Wahab to act on his behalf in

securing legal counsel.  Pet. Supplemental Memorandum to Habeas Petition, Exhibit A.  Despite

repeated requests to the Department of Justice, undersigned counsel did not receive the

application forms for the security clearance that is a prerequisite to meeting or communicating

with the Petitioners until December 19, 2005. Thus, additional information to support the Next

Friend authorization is unavailable to undersigned counsel at this time. Nevertheless,

Respondents now challenge Al Wahab's status as Next Friend, and seek to dismiss the petition

for lack of standing. For the reasons set forth more fully below, Respondents' motion to dismiss

the petition should be denied.

## ARGUMENT

Petitioner Al Wahab seeks a writ of habeas corpus on behalf of Othman. Al Wahab has

indicated that he "knows [Othman] well on a personal level", and "know[s] that [Othman]. . .

wants legal assistance in securing justice and being released from [Guantánamo Bay]". Pet.

Supplemental Memorandum to Habeas Petition, Exhibit A. Moreover, Al Wahab states that he

knows Othman wants legal representation secured by the Center for Constitutional Rights or

Covington and Burling, and wants Al Wahab to act as his Next Friend. *Id*. Respondents' claim

that Al Wahab's representations do not constitute a sufficient showing, pursuant to *Whitmore v.*

*Arkansas*, 495 U.S. 149 (1990), to establish Next Friend standing is without merit.

### A. Respondents Have Impeded Petitioners' Ability to Obtain Additional Information to Support Next Friend Standing by Refusing to Initiate the Security Clearance Process.

Respondents' submission is but the latest in a series of measures designed to impede

detainees like Othman who seek legal representation. Pursuant to Respondents' own policies,

the only counsel who are currently provided access to Guantánamo Bay detainees are counsel

who are employed or retained by or on behalf of a detainee for purposes of representing the

detainee in habeas corpus litigation in federal court. Thus, counsel must first file a habeas

petition on behalf of a detainee in order to meet with the detainee, and the only petition that

2

counsel can file before such a meeting is a Next Friend petition. Respondents effectively seek to preclude undersigned counsel from achieving the status of counsel who are employed or retained by or on behalf of Othman. In short, Respondents are seeking to prevent Othman from ever meeting the attorneys whose assistance he expressly requested through Al Wahab.

Moreover, the procedures for obtaining access to detainees at Guantánamo provide that the only method for obtaining a security clearance is through the Department of Justice ("DOJ"). Despite Petitioners' repeated attempts to initiate the application process for security clearances, it was not until December 19, 2005 that DOJ finally agreed to provide application forms. Without a security clearance, undersigned counsel has been impaired severely in its ability to obtain additional information about Othman, Al Wahab, their relationship, and Othman's wishes with respect to legal representation. Counsel has been unable to travel to Guantánamo to meet with Othman to discuss these matters, or obtain his consent to representation.

Incredibly, Respondents argue that Petitioners have not established that Othman is indeed a detainee at Guantánamo Bay. It is difficult to imagine how undersigned counsel, without a security clearance and the ability to visit Guantánamo Bay or communicate with detainees, is in a better position than the United States government to identify a detainee at Guantánamo. Thus, the fault for any identification problems does not rest with Petitioners' counsel, but with Respondents.

Respondents also argue that Petitioners have not established that Othman requires Next Friend representation because he does not have access to the courts. Respondents note that detainees at Guantánamo have been advised that they may file habeas petitions on their own behalf, or seek legal representation through the American Bar Association ("ABA"). Importantly, however, the Department of Defense ("DoD") Notifications that were distributed to

3

detainees specifically advised that they may file a petition through a friend. *See* Second Decl. of Frank Sweigart at ¶ 3 (attached as Exhibit A to Respondents' Response) (relating to detainees classified as enemy combatants), Exhibit C to Sweigart Declaration (relating to detainees who have been classified as non-combatants). The Notifications refer simply to a "friend"; they do not say "an individual satisfying the standing requirements under federal law for Next Friend status."

Assuming that Petitioners Al Wahab and Othman received, read, and understood either of these Notifications[1] stating "[*y]ou may ask a friend*. . . to file such petition with the Court", they reasonably could have believed that their relationship is sufficient to give rise to Next Friend standing. Second Decl. of Frank Sweigart, Exhibit C (emphasis added). Othman and Al Wahab have followed the procedures set forth in the DoD notice to communicate Othman's desire for counsel and representation by Al Wahab as his Next Friend, as well as Al Wahab's desire to litigate on Othman's behalf.

Moreover, it was not until after Al Wahab completed the Next Friend Authorization that Respondents began to challenge the propriety of fellow detainees acting as next friends. In other cases before this Court, Respondents and the Court have accepted the propriety of the Next Friend standing of fellow detainees such as Al Wahab. *See John Does 1-570 v. Bush*, No. 05-CV-0313 (CKK) (D.D.C.). In disputing Petitioners' argument that detainees had been denied access to the courts in that case, Respondents stated that the "vast majority of these detainees have filed petitions through other individuals acting as *legitimate Next Friends* – family members, an attorney who already represented the detainee in pending military commission proceedings, and *fellow detainees*." Motion To Dismiss Petition for Habeas Corpus, or, in the

---

[1] Undersigned counsel does not know whether Othman has been confirmed to be an enemy combatant through the CSRT process, or found to be an enemy non-combatant. Thus, it is unclear which, if any, of these Notifications Othman may have received.

4

Alternative, to Stay Proceedings Pending Related Appeals and Memorandum in Support at 15-16 (emphasis added) (attached as Exhibit 1). Thus, at the time Al Wahab executed the Next Friend Authorization letter, it was reasonable for Petitioners to believe it would provide sufficient details for the Court to find that Al Wahab meets the criteria to serve as Othman's Next Friend.

Respondents' questions with regard to Othman's desire or ability to obtain direct legal representation, or to have Al Wahab act as his Next Friend could be resolved expeditiously by processing counsel's requests for security clearances and permitting counsel to visit Othman in Guantánamo. Upon receiving security clearances, undersigned counsel are prepared to arrange travel to Guantánamo Bay to seek, among other things, authorization from Othman to represent him directly. Such authorization would render moot Respondents' request to dismiss the case for lack of standing.

## CONCLUSION

WHEREFORE, for the reasons set forth above, and any others this Court may find appropriate, Petitioners respectfully submit that Respondents' motion to dismiss the petition should be denied.


Dated: December 20, 2005                    Respectfully submitted,

                                            Counsel for Petitioner:

                                            _/s/ Jane F. Barrett_____
                                            Jane F. Barrett (D.C. Bar No. 261529)
                                            Shawn M. Wright (D.C. Bar No. 458377)
                                            BLANK ROME LLP
                                            600 New Hampshire Ave., NW
                                            12th Floor
                                            Washington D.C. 20037
                                            Telephone: (202) 772 -5800
                                            Facsimile: (202) 772 -5858

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *"Opposition to the Respondent's Response to Petitioner's Supplemental Memorandum to Habeas Petition"* was served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

> The Honorable Alberto Gonzales
> United States Attorney General
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530-0001

> The Honorable Kenneth L. Wainstein
> United States Attorney for the District of Columbia
> 555 4th Street, N.W.
> Washington, D.C. 20530

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 7144
> Washington, D.C. 20530

December 20, 2005

*/s/ Jane F. Barrett*