IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID ABD JAL JABBAR MUHAMMAD JUTHMAN AL QADASI, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 05-2088 (RWR) |

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Khalid Abd Jal Jabbar Muhammad Juthman al Qadasi that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3 January 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 715

16 JAN 2005

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 163**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #163 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY



# Department of Defense
### Director, Combatant Status Review Tribunals

12 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #15

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

█████████, Colonel, U.S. Air Force; President

█████████, Lieutenant Colonel, U.S. Air Force; Member (JAG)

█████████, Lieutenant Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

23 November 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 163

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN

UNCLASSIFIED

13 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 163

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #15 of 12 October 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate. The detainee affirmatively declined to attend, but he did prepare an oral statement for his Personal Representative to present to the Tribunal. The Tribunal considered the oral statement delivered by the detainee's Personal Representative in its deliberations.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).

   d. The detainee had requested his medical record as stated in exhibit D-a. The medical record was produced and was presented to the detainee by his Personal Representative. Subsequently, the detainee affirmatively withdrew his request that the medical record be presented as evidence. The initial request and subsequent withdrawal are both documented in exhibit D-a. Based upon the detainee's affirmative withdrawal of the request for introduction of his medical record as evidence, the Tribunal did not consider the record in its deliberations.

   e. The Tribunal's decision that detainee #163 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
FOR DETAINEE ISN # 163

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

*[signature]*
PETER C. BRADFORD
LT, JAGC, USNR

SECRET//NOFORN

# (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#15__

(U) ISN#: __163__

Ref:  (a) (U) Convening Order for Tribunal #15 of 12 October 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U//FOUO)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Summary of Detainee/Witness Testimony (U//FOUO)
      (4) (U) Copies of Documentary Evidence Presented (S/NF)
      (5) (U) Personal Representative's Record Review (U//FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 13 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #163 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with al Qaida and the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



, Colonel, USAF
Tribunal President

UNCLASSIFIED//FOUO

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #15
ISN #: 163

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with al Qaida and the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified summary of the evidence presented to the Tribunal by the Recorder indicated that the detainee is a member of, or affiliated with al Qaida and the Taliban. The detainee had his Personal Representative (PR) make an unsworn verbal statement. He had requested his medical record be presented as evidence to show he was physically incapable of being a combatant. Prior to the hearing, the detainee withdrew his request when his PR informed him the doctor's review of his medical record showed no condition that would preclude him from being a combatant as explained in exhibit D-a. Also, the detainee originally chose to participate in the Tribunal process but chose not to participate before the hearing started. The Personal Representative made a statement to the Tribunal at the detainee's request. The Tribunal President's evidentiary and witness rulings are explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-10.

    b. Unsworn statement of the detainee.

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses; no rulings were required.

The Detainee requested the following additional evidence be produced:

| Evidence | President's Decision | Produced? |
|---|---|---|
| Medical record | allowed | no* |

\* The detainee requested his medical recorded stating that any doctor would be able to see that he was unable to be a fighter based on his medical condition. The Tribunal President allowed the medical record as evidence and requested that a Joint Task Force physician evaluate the detainee's ability to be a combatant. A doctor determined there was no medical condition that would preclude the detainee from being a fighter. The PR presented the results of the medical record review to the detainee who then decided not to have the medical record presented to the Tribunal as evidence. Additionally the Tribunal President told the PR the detainee could specify what specific medical condition or bodily injury the doctor should focus on for review. The detainee declined to provide more specific information. Based on the detainee's request to withdraw the medical record as evidence it was not presented to the Tribunal.

## 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting the unclassified evidence. Accordingly, the Tribunal had to look to classified exhibits (as well as the detainee's statement) for support of the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the detainee's unsworn statement presented by the PR. A summarized transcript of the detainee's unsworn statement is attached as CSRT Decision Report Enclosure (3). The detainee admitted to traveling to Afghanistan but that it was for a two-month vacation and to receive treatment for his medical condition. The detainee stated he did stay in a Taliban guesthouse but had nothing to do with the Taliban. The detainee stated he did leave Kabual for Jalalabad but he was not a fighter nor was he with any armed personnel. The detainee did flee Jalalabad as the Northern Alliance approached and traveled through the mountains where he eventually turned himself in to Pakistani forces. The detainee denied being a Mujahidin fighter.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The detainee chose not to participate in the Tribunal process, as indicated in Exhibit D-a.

    c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with al Qaida and the Taliban. Additional support for this conclusion can be found in Enclosure (2).

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████████, Colonel, USAF
Tribunal President

UNCLASSIFIED / ~~FOUO~~

**Summarized Detainee Statement**

[The Personal Representative made the following statement on behalf of the Detainee who was not present at the Tribunal.]

**[The Detainee is a Yemeni citizen who traveled to Afghanistan via Yemen; Karachi, Pakistan; Qandahar, Afghanistan and finally Kabul, Afghanistan in July 2001.]**

This is correct.

**[The Detainee traveled to Afghanistan to fight the Jihad.]**

This is not true. I went to Afghanistan as a tourist for a two-month vacation. I went alone for medical reasons because I had joint problems. I went to Yemen before Pakistan.

**[The Detainee stayed in a Taliban guesthouse in Quetta, Pakistan and an Arab guesthouse in Kabul, Afghanistan.]**

Yes, but they had nothing to do with the Taliban.

**[The Detainee left Kabul, Afghanistan and fled to Jalalabad, Afghanistan with several Arabs as the fighting intensified and the Northern Alliance approached Kabul.]**

Correct, but I was not a fighter and I wasn't with any armed people.

**[The Detainee traveled to the mountains as the Northern Alliance approached Jalalabad, Afghanistan.]**

Correct, it was the only way to Pakistan. I never saw any fighting; I was simply fleeing the war as a refugee.

**[The Detainee and his leaders retreated to the Pakistani border, where they surrendered to Pakistani troops.]**

I was alone when I turned myself in at the Pakistani border.

**[The Detainee was identified as a Mujahidin fighter who came to Tora Bora, Afghanistan.]**

This is not true. I was with wounded people but I didn't see them get wounded. I followed Arabs to the border and never carried a weapon.

ISN #163
Enclosure (3)
Page 1 of 2

UNCLASSIFIED / ~~FOUO~~

UNCLASSIFIED / ~~FOUO~~

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.

███████████████, Colonel, USAF

Tribunal President

UNCLASSIFIED / ~~FOUO~~

ISN #163
Enclosure (3)
Page 2 of 2

UNCLASSIFIED//FOUO

# DETAINEE ELECTION FORM

Date: 23 Oct 04
Start Time: 1035
End Time: 1120

ISN#: 163

Personal Representative: LTCOL ███████
(Name/Rank)

Translator Required? YES     Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

---

**Detainee Election:**

[X] Wants to Participate in Tribunal

[X] Affirmatively Declines to Participate in Tribunal    *Changed mind 4 Nov 04*

[ ] Uncooperative or Unresponsive

**Personal Representative Comments:**

No witnesses. One medical document. Polite and calm.

4 NOV 04 Follow Up Interview

Informed detainee that a doctor viewed his medical records and stated that he could have been a combatant. The detainee withdrew his request to have his medical records or the statement of the doctor presented into evidence. He also declined to participate in the Tribunal.

Personal Representative ███████

UNCLASSIFIED//FOUO

EXHIBIT D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (06 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL QADASI, Khalid Abd Jal Jabbar Muhammad Juthman

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with the Taliban and is a member of al Qaida.

   a. The detainee is associated with the Taliban and al Qaida.

    1. The detainee is a Yemeni citizen who traveled to Afghanistan via Yemen; Karachi, Pakistan; Qandahar, Afghanistan and finally to Kabul, Afghanistan in July 2001.

    2. The detainee traveled to Afghanistan to fight in the Jihad.

    3. The detainee stayed in a Taliban guesthouse in Quetta, Pakistan and an Arab guesthouse in Kabul, Afghanistan.

    4. The detainee left Kabul, Afghanistan and fled to Jalalabad, Afghanistan with several Arabs as the fighting intensified and the Northern Alliance approached Kabul.

    5. The detainee traveled to the mountains as the Northern Alliance approached Jalalabad, Afghanistan.

    6. The detainee and his leaders retreated to the Pakistan border, where they surrendered to Pakistani troops.

    7. The detainee was identified as a Mujadeen fighter who came to Tora Bora, Afghanistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or

Page 1 of 2

UNCLASSIFIED

Exhibit R1

evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on _16_ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #163.

    _X_ I have no comments.

    ___ My comments are attached.



███████, Lieutenant Colonel, USAF           Date _16 NOV 04_
Name

███████
Signature

ISN #163
Enclosure (4)

UNCLASSIFIED//~~FOUO~~